NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RYAN QUASHIE, | : | CIV. NO. 19-20084 (RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| DAVID ORTIZ, | : | |
| Respondent | : | |

This matter comes before the Court upon Ryan Quashie's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, challenging his conviction based on the Supreme Court decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). (Pet., Dkt. No. 1.) Petitioner was confined in the Federal Correctional Institution in Fort Dix, New Jersey, when he filed this petition. Respondent filed an answer to the petition on March 30, 2020, (Answer, Dkt. No. 11), and Petitioner filed a reply brief. (Reply Brief, Dkt. No. 13.) For the reasons discussed below, the Court will dismiss the petition for lack of jurisdiction.

I.  BACKGROUND

On February 10, 2017, Petitioner was sentenced in the United States District Court, Eastern District of New York, to a 54-month concurrent term of imprisonment for Conspiracy to Commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1) and Hobbs

Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 3). (Declaration of Elizabeth Pascal, ("Pascal Decl.,") Ex. 1 at 2; Ex. 2; see also United States v. Quashie, No. 14-cr-00376-BMC (E.D.N.Y.)[1] (ECF No. 198)). Assuming Petitioner receives all good conduct time available, his projected release date is January 27, 2021. (Id., Ex. 1 at 1.)

II. DISCUSSION

    A.   The Petition

On November 12, 2019, Petitioner filed the present petition under 28 U.S.C. § 2241, alleging that he is actually innocent of conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, 18 U.S.C. § 1951, pursuant to the Supreme Court decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). (Pet., Dkt. 1.) Petitioner contends that because he was charged with "knowingly" conspiring to commit Hobbs Act robbery and "knowingly" attempting to commit Hobbs Act robbery, Rehaif is applicable to his conviction. He claims that he is actually innocent because his Superseding Information did not charge him with facts establishing that he acted knowingly with respect to robbery affecting interstate commerce. For relief, Petitioner asks the Court to vacate his conviction; dismiss the criminal charges against him for lack of

---

[1] Available at www.PACER.gov.

subject matter jurisdiction; and immediately release him from BOP custody. (Id.)

B. The Answer

Respondent argues that the petition should be denied for two reasons. First, Respondent contends that Rehaif does not apply to convictions for conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, 18 U.S.C. § 1951. Second, assuming the Court were to find that Rehaif applied to Petitioner's convictions, the Supreme Court in Rehaif specifically stated that the "knowingly" requirement does not apply to the jurisdictional element of §§ 922(g) and 924(a)(2); therefore, it would not apply in Petitioner's case.

C. Petitioner's Reply Brief

Petitioner filed a reply to Respondent's Answer. (Reply Brief, Dkt. No. 13.) Petitioner acknowledges that he would have raised his claim in his motion to vacate under 28 U.S.C. § 2255, if he had known about the Rehaif decision at that time. Petitioner also suggests that because Respondent is unclear whether Rehaif is applicable, it is for the Court to decide.

D. Standard of Law

28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge the validity of a conviction. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). The Third Circuit, however,

>   permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [*U.S. v.*] *Tyler*, 732 F.3d [241,] 246 [3d Cir. 2013] (quoting [*In re*] *Dorsainvil*, 119 F.3d [ 245,] 252 [3d Cir. 1997). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Id.

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

   E.   Analysis

In Rehaif, the Supreme Court held that the Government, for a conviction under 18 U.S.C. §§ 922(g) and 924(a) for possession of a firearm by a restricted person, must prove both that the defendant knew he possessed a firearm, and that he knew he belonged to the relevant category of restricted persons. 139 S. Ct. at 2194. The Supreme Court in Rehaif did not interpret the statutory language of 18 U.S.C. § 1951, Petitioner's crime of conviction. Instead, Petitioner asks this Court to extend the reasoning of the Supreme Court's decision in Rehaif to his situation.

   The Third Circuit has never found jurisdiction under § 2241 by extending the reasoning of the Supreme Court's statutory interpretation to a different statute. In a similar vein, where a defendant sought relief in an otherwise untimely petition under 28

U.S.C. § 2255(f)(3), based on "a natural application of the reasoning of the [Supreme] Court's decisions in Johnson, Booker, and Beckles …," the Third Circuit held that the defendant's claim was premature because the Supreme Court had not yet addressed the specific issue raised by the defendant. United States v. Green, 898 F.3d 315, 320 (3d Cir. 2018), cert. denied, 139 S. Ct. 1590, 203 L. Ed. 2d 748 (2019). To proceed under 28 U.S.C. § 2255(f)(3), a defendant must establish that a constitutional "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Similarly, to bring a claim under § 2241, based on the saving clause of § 2255(e), a Petitioner must assert a claim of actual innocence based on an intervening Supreme Court statutory interpretation that has subsequently rendered the Petitioner's conduct of conviction non-criminal.

The Supreme Court, in Rehaif, did not interpret the language of 18 U.S.C. § 1951. In statutory interpretation, words can have different meanings in a particular context. See Yates v. United States, 574 U.S. 528, 537 (2015) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997) ("[t]he plainness or ambiguity of statutory language is determined [not only] by reference to the language itself, [but as well by] the specific context in which that language is used, and the broader context of the statute as a whole.") (alteration in Yates.)) Thus, the Court concludes that

it lacks jurisdiction under § 2241 over the claim raised by Petitioner. At best, Petitioner's claim is premature because the Supreme Court has not recognized that its interpretation of "knowingly" under § 922(g) and 924(a) is also applicable to the conduct described in 18 U.S.C. § 1951. Therefore, the Court will dismiss the petition because Petitioner does not rely on a Supreme Court's subsequent statutory interpretation that renders his conduct of conviction no longer criminal.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the petition for lack of jurisdiction.

An appropriate Order follows.

Date: January 6, 2021

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**